RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
DEC 29 2025
DANIEL J. McCOY, CLERK
BY:_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 6:25-CR-00354 |
| | * | |
| VERSUS | * | JUDGE SUMMERHAYS |
| | * | |
| DAVID COURVELLE | * | MAGISTRATE JUDGE AYO |

### PLEA AGREEMENT

A.  INTRODUCTION

This document contains the complete plea agreement between the government and **DAVID COURVELLE**, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B.  THE DEFENDANT'S OBLIGATIONS

**DAVID COURVELLE** shall waive Grand Jury presentment of the charge(s) filed in this case and appear in open court and plead guilty to the one-count bill of information pending in this case.

C.  THE GOVERNMENT'S OBLIGATIONS

1.  If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees it will not prosecute the defendant for

any other offense known to the United States Attorney's Office, based on the investigation that forms the basis of the bill of information.

2. The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

D. SENTENCING

**DAVID COURVELLE** understands and agrees that:

1. The maximum punishment on Count One is a term of imprisonment of up to fifteen (15) years (pursuant to 18 U.S.C. § 2243(b)) and a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571);

2. The defendant shall be required to pay a special assessment of $100 <u>**at the time of the guilty plea**</u> by means of a cashier's check, official bank check, or money order payable to "Clerk, U.S. District Court";

3. The defendant may receive a term of supervised release of not more than three (3) years in length in addition to any term of imprisonment imposed by the Court;

4. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above the statutory maximum for the offense of conviction;

5. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

6. In addition to the penalties set forth in the preceding paragraphs, the Court may order the defendant to make restitution to the victim(s) in this case, and that the amount of restitution and method of payment is at the discretion of the Court;

7. Any fine and/or restitution imposed as part of the defendant's sentence will be due and payable immediately, the defendant will be held liable for all restitution jointly and severally with all co-defendants, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

8. The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him to be used in consideration of his ability to pay restitution or fine that may be imposed by the Court;

9. As part of the presentence investigation, the government will make available to the Court any relevant evidence developed in the investigation of this case;

10. The Defendant, upon signing this plea agreement and the factual basis, knowingly, voluntarily, and expressly waives his rights pursuant to Rule 410(a) of

the Federal Rules of Evidence. The Defendant understands and agrees that in the event that he violates the plea agreement, withdraws his decision to plead guilty, or causes his guilty plea to be later withdrawn or otherwise set aside, any statements he made to law enforcement or to an attorney for the prosecuting authority during plea discussions, and any statements he made during any court proceeding involving his plea of guilty (including any factual bases or summaries signed by the Defendant and any leads from such statements, factual bases, or summaries) shall be admissible for all purposes against the defendant in any and all future criminal proceedings;

11. This case is governed by the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and its applicability with his counsel and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

12. The sentencing judge alone will decide what sentence to impose; and

13. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E. ADAM WALSH ACT REGISTRATION REQUIREMENTS

The defendant has been advised and understands that pursuant to 18, United States Code, Sections 2250 and 3583(d), he must register and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. The defendant understands that the

requirements for registration include providing his name, residence address, and the names and addresses of any place where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects him to prosecution for failure to register, which is punishable by a fine or imprisonment or both.

F.   APPEAL WAIVER

1.   The defendant understands that he has a statutory right to challenge his guilty plea and/or sentence on direct appeal. In exchange for the promises and concessions made by the United States in entering this plea agreement, the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

  a.   Whether the factual basis found by the Court supports his conviction; and

  b.   The substantive reasonableness of any sentence imposed by the Court if within, or lower than, the guideline range determined by the Court, or if the sentence was imposed pursuant to a statutory mandatory minimum. This waiver does not restrict the defendant's right to challenge, on direct appeal, the district court's calculation of the advisory guideline range.

2.  The defendant understands and acknowledges that the United States preserves all its rights as set forth in 18 U.S.C. § 3742(b).

G.  ENTIRETY OF AGREEMENT

This plea agreement consists of this document and any addendum required by Standing Order 1.86. The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

H.  SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEYS FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, **DAVID COURVELLE**. I concur in **DAVID COURVELLE** pleading guilty as set forth in this plea agreement.

Dated: 12/29/25

ELBERT LEE GUILLORY, LA Bar 17622
633 E. Landry Street
Opelousas, Louisiana 70570
Telephone: (337) 942-6328
Counsel for the Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 12-29-25

DAVID COURVELLE
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: 12/29/25

ZACHARY A. KELLER
United States Attorney

THOMAS A. JOHNSON, VA Bar No. 89295
MYERS P. NAMIE, LA Bar No. 29359
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618