UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 6:25-CR-00354 |
| | * | |
| VERSUS | * | JUDGE SUMMERHAYS |
| | * | |
| DAVID COURVELLE | * | MAGISTRATE JUDGE AYO |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO MODIFY TERMS OF BOND**

NOW INTO COURT, comes the United States of America, by and through the undersigned Assistant United States Attorney, who writes in response and opposition to the defendant's motion. The defendant has pleaded guilty to sexual abuse of a ward, M.S., while she was under his custody and control at an Immigration and Customs Enforcement ("ICE") processing facility. The defense now asks this Court to lift the no-contact order between the defendant and M.S. so that the defendant can pursue her romantically while awaiting sentencing. The Court should deny this request, because M.S. has alleged predatory behavior by the defendant and she cannot meaningfully compose a victim impact statement while subject to the defendant's influence.

**FACTS AND LAW**

The victim in this case, M.S., was transported to the South Louisiana ICE Processing Center ("SLIPSI") on November 22, 2024. She was deported on November 15, 2025. For most of her time at SLIPSI, she was under the defendant's custody and

control. As a federal detainee, M.S. could not lawfully consent to sexual contact with the officers who supervised her detention, and the defendant understood these laws when he had sexual encounters with M.S.

On August 5, 2025, SLIPSI investigators opened a Prison Rape Elimination Act ("PREA") investigation into Courvelle. M.S. gave her first statement to investigators on that same date. She wrote, among other things, that "Courville [*sic*] would make me do oral sex and make me swallow," "I felt pressured while we were together," and "When we were in the closet he put his fingers inside of me and hurt me and made me bleed." After giving that statement, M.S. and Courvelle continued speaking by telephone, and her account of what happened has shifted since that time. Her last known statement is included in the December email provided by the defense. The Government is not aware of any statements by M.S. following the imposition of this court's no-contact order, so it is unclear whether her feelings have changed now that she is free from the Defendant's influence.

This Court's no-contact order was issued pursuant to Title 18 U.S.C. §§ 3142(c) and 3143(a)(1), which require courts to craft release conditions that will not "endanger the safety of any other person or the community." Section 3142 includes examples of typical release conditions, such as a requirement that defendants "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." Title 18 U.S.C. § 3142(c)(1)(B)(v). These no-contact orders serve a critical role in ensuring the safety of victims and witnesses, and they are routinely issued as a release condition for defendants awaiting sentencing.

## ARGUMENT

The Court should deny the motion for two reasons: (1) the victim's PREA statement describes coercive, predatory behavior by the defendant; and (2) the defendant should not be permitted to tamper with the victim's testimony while she reflects on the abuse she suffered and has the opportunity to prepare a victim impact statement.

The victim in this case has provided inconsistent statements about what happened while she was in custody and how she felt about the defendant's conduct. The Court must weigh these statements, among other things, and determine whether a no-contact order promotes the victim's safety. But this is not a difficult task in a sexual abuse case like the one at bar. As this Court well knows, it is extremely common for victims of domestic or sexual abuse, like M.S., to struggle with their feelings about the abuser and the abuse itself. They may wrongly blame themselves for what happened, attempt to rationalize the conduct as consensual, or try to protect the predator for myriad personal reasons. And these examples are especially pertinent where, as here, the victim's first statement to law enforcement was a written statement to PREA investigators that alleged coercive sexual contacts by the defendant. The Court should reaffirm its stayaway in light of this evidence. The victim has made credible allegations of predatory behavior by the defendant, and she deserves an opportunity to process what happened in a safe space free from the defendant's interference.

The Court should also preserve the stayaway in order to guard against potential witness tampering by the defendant. When abusive partners learn of a pending investigation, the abuser oftentimes attempts to rekindle the relationship or otherwise manipulate the victim into keeping quiet about what happened. Of course, neither this Court nor the Government can determine with absolute certainty whether the defendant's motives are pure. But the defendant's motives are suspect because of the victim's PREA statement, and, even absent that evidence, M.S.'s right to give a victim impact statement cannot meaningfully be vindicated while the defendant is whispering in her ear.

In short, the victim has made credible allegations of sexual coercion by the defendant, and she is a critical witness with the right to make a statement at sentencing. Neither the victim's safety nor the integrity of the upcoming sentencing can be ensured without a no-contact order.

[Rest of Page Intentionally Left Blank]

## CONCLUSION

The defense has asked this Court to lift the no-contact order between the defendant and the woman he has admitted to abusing. The Court should deny this request as imprudent and inconsistent with basic principles of victim safety in a case involving sexual abuse.

                                        Respectfully submitted,

                                        ZACHARY A. KELLER
                                        United States Attorney

                                        *s/Thomas A. Johnson*
                                        THOMAS A. JOHNSON, VA Bar 89295
                                        Assistant United States Attorney
                                        800 Lafayette Street, Suite 2200
                                        Lafayette, LA 70501-7206